UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. ___________________

AUDRA SHORT, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER CAREY SHORT, DECEASED, AND ON BEHALF OF A.S., SURVIVING MINOR CHILD OF CHRISTOPHER CAREY SHORT,

Plaintiff,

v.

EMBRAER S.A., EMBRAER AIRCRAFT HOLDING, INC., EMBRAER AIRCRAFT CUSTOMER SERVICES, LLC, EMBRAER DEFENSE & SECURITY, INC., and SIERRA NEVADA CORPORATION;

Defendants.

**DEFENDANT SIERRA NEVADA CORPORATION'S NOTICE OF REMOVAL**

Defendant Sierra Nevada Corporation ("SNC"), pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 5001, hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. In support of this Notice, SNC respectfully shows the Court the following:

1. On June 20, 2020, a civil action was filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, captioned *Audra Short, individually, as personal representative of the Estate of Christopher Carey Short, Deceased, and on behalf of A.S., surviving minor child of Christopher Carey Short v. Embraer, S.A., Embraer Aircraft Holding, Inc., Embraer Aircraft Customer Services, LLC, Embraer Defense & Security, Inc. and Sierra*

*Nevada Corporation*, Case No. CACE-20-010079.  True and correct copies of the Complaints served on SNC are attached hereto as Exhibits A and B.

2.  Plaintiff apparently attempted service of the Summons and Complaint on SNC on June 22, 2020.  *See* Exhibit A.  Thereafter, on June 26, 2020, Plaintiff served an Alias Summons and Complaint, the Florida state court procedure for correction of a process server's defective service.  *See* Exhibit B.  It is immaterial, however, whether the first attempt at service was defective because this Notice of Removal is being filed within the thirty-day period from the first attempt at service, indisputably complying with 28 U.S.C. § 1446(b).

## FEDERAL QUESTION JURISDICTION

3.  This is a civil action arising from the death of Christopher Carey Short, who lost his life in a June 22, 2018 crash of an A-29 Super Tucano aircraft that Plaintiff's Complaint acknowledges occurred on the White Sands Missile Range in New Mexico.  Complaint, ¶ 1.

4.  The Complaint asserts claims for negligence, products liability, failure to warn, and breach of warranties against SNC and four other defendants:  Embraer, S.A., Embraer Aircraft Holding, Inc., Embraer Aircraft Customer Services, LLC, and Embraer Defense & Security, Inc.  Complaint, ¶¶ 39-199.

5.  White Sands Missile Range is a federal enclave.  *Ramos v. C. Ortiz Corp.*, 2016 WL 10571683, at *7 (D.N.M. Jan. 27, 2016) ("it is well established that WSMR is a federal enclave, as it was ceded to the federal government in 1953 . . . [t]hus, the United States has power and exclusive authority 'in all Cases whatsoever' arising out of WSMR"); *Richards v. Lockheed Martin Corp.*, 2012 WL 13081667, at *1 (D.N.M. Feb. 24, 2012) ("there is no credible argument that the White Sands Missile Range is not a federal enclave").

6. Accordingly, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331, based on the existence of a federal question. *Mater v. Holley*, 200 F.2d 123, 124 (5th Cir. 1952) (holding that an action for personal injuries that allegedly occurred on Fort McPherson, a federal enclave, "ar[ose] under the laws of the United States, within the meaning of 28 U.S.C.A. § 1331" and reversing dismissal for lack of federal court jurisdiction).

7. In reliance on binding Fifth Circuit authority, the district court in *Vanicky v. Purdue Pharma Company*, 2003 WL 27381135, at *3 (M.D. Ga. April 25, 2003), recognized:

> The Eleventh Circuit has not directly addressed the issue of federal enclave jurisdiction. However, the seminal case in this area, *Mater v. Holley*, 200 F.2d 123 (5th Cir. 1952), constitutes binding precedent in the Eleventh Circuit. *Mater* established that there is concurrent federal jurisdiction where the events complained of occurred on a federal enclave. *Id*. at 124-25. In such a situation, the case "arises under" the laws of the United States and, therefore, federal question jurisdiction exists under 28 U.S.C. § 1331.

*See also Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) ("Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as part of federal question jurisdiction."); *Ramos v. C. Ortiz Corp.*, 2016 WL 10571684, at *5 (D.N.M. May 20, 2016) ("federal enclave jurisdiction is a form of federal question jurisdiction. . . . Congress' exclusive legislative authority over federal enclaves 'led courts to conclude that United States courts must also have subject matter jurisdiction to adjudicate controversies arising on federal enclaves."); *Richards*, 2012 WL 13081667, at *1 (denying motion to remand because events in question occurred at White Sands Missile Range).

8. Jurisdiction in this Court also arises under 28 U.S.C. § 5001, which replaced 16 U.S.C. § 457 in 2014, and provides:

> §5001. Civil action for death or personal injury in a place subject to exclusive jurisdiction of United States

> (a) Death.-In the case of the death of an individual by the neglect or wrongful act of another in a place subject to the exclusive jurisdiction of the United States within a State, a right of action shall exist as though the place were under the jurisdiction of the State in which the place is located.
>
> (b) Personal injury.-In a civil action brought to recover on account of an injury sustained in a place described in subsection (a), the rights of the parties shall be governed by the law of the State in which the place is located.

9. Section 5001 provides a federal cause of action for death and personal injuries that occur on federal enclaves, and specifies that the law of the State within which the enclave is located governs. *See, e.g., Serrano v. Consolidated Waste Services Corp.*, 2017 WL 1097061, at *2 (D.P.R. March 23, 2017); *Louisiana United Business Association Casualty Ins. Co. v. J&J Maintenance*, 2017 WL 6616799, at *2 (W.D. La. Oct. 4, 2017) ("Under 28 U.S.C. § 5001, a federal cause of action is created for wrongful death actions on federal enclaves 'as though the place were under the jurisdiction of the State in which the place is located.'"); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1320, 1336 (N.D. Ala. 2010) (citing 16 U.S.C. § 457, the predecessor of 28 U.S.C. § 5001, and noting that there is jurisdiction in the U.S. District Courts "under a statute providing that actions for death or injuries within a national park or other place subject to the exclusive jurisdiction of the United States shall exist as though the place were under the jurisdiction of the state within whose boundaries it is located" which is known as "federal enclave jurisdiction").

10. The United States District Court for the Southern District of Florida includes the judicial county in which Plaintiff filed her Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

11. Pursuant to 28 U.S.C. § 1441(d), SNC has provided written notice of the removal to all parties who have appeared in this action – Defendants Embraer Aircraft Holding, Inc.,

4

112449340.v3

Embraer Aircraft Customer Services, LLC, and Embraer Defense & Security, Inc. – and has filed a copy of this Notice of Removal in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

12. Counsel for Defendants Embraer Aircraft Holding, Inc., Embraer Aircraft Customer Services, LLC, and Embraer Defense & Security, Inc., have confirmed that all consent to the removal.

13. Notwithstanding the affidavit filed by Plaintiff's counsel in the Broward County action claiming service upon Defendant Embraer, S.A., a corporation headquartered in Brazil, by leaving a copy of the Summons and Complaint in a dropbox in New York (*see* Exhibit C), counsel for Defendant Embraer, S.A. has advised that the service was rejected and therefore, Plaintiff has not effected service on Embraer, S.A.  Further, Plaintiff's Counsel confirmed to SNC's counsel that this position was conveyed to Plaintiff and that Plaintiff is in the process of effecting service on Embraer, S.A. through the service of letters rogatory pursuant to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly known as the "Hague Service Convention"), notwithstanding Plaintiff's assertion in Plaintiff's Broward County filing.  As Embraer, S.A. has not been served, its consent to the removal is not required under 28 U.S.C. § 1446(b)(2)(A). *Bailey v. Janssen Pharmaceuticals, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008).

14. Accordingly, there is unanimity of consent to removal by all defendants "properly joined and served". 28 U.S.C. § 1446(b)(2)(A).

15. Copies of all documents on the docket of the Circuit Court of the Seventeenth Judicial District Court in and for Broward County, Florida, are attached hereto as Exhibit D.

112449340.v3

| | |
|---|---|
| Dated:  July 21, 2020 | Respectfully submitted,<br><br>**FOX ROTHSCHILD LLP**<br><br>By:  /s/ Alex Braunstein<br>Alex Braunstein, Esq.<br>Florida Bar No. 098289<br>777 South Flagler Drive<br>Suite 1700 West Tower<br>West Palm Beach, FL 33401<br>Tel:     (561) 835-9600<br>Fax:    (561) 835-9602<br>Email:  abraunstein@foxrothschild.com<br><br><br>Diane Westwood Wilson, Esq.<br>(*pro hac vice* application to be submitted)<br>Rebecca Tingey, Esq.<br>(*pro hac vice* application to be submitted)<br>101 Park Avenue, 17th Floor<br>New York, NY 10178<br>Tel:     (212) 878-7900<br>Fax:    (212) 692-0940<br>Email:  dwilson@foxrothschild.com<br>             rtingey@foxrothschild.com<br><br>ATTORNEYS FOR DEFENDANT SIERRA NEVADA CORPORATION |