UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-61473-WPD

AUDRA SHORT, INDIVIDUALLY, AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF CHRISTOPHER CAREY
SHORT, DECEASED, AND ON BEHALF
OF A.S., SURVIVING MINOR CHILD OF
CHRISTOPHER CAREY SHORT,

    Plaintiff,
v.

EMBRAER S.A., EMBRAER AIRCRAFT
HOLDING, INC., EMBRAER AIRCRAFT
CUSTOMER SERVICES, LLC, EMBRAER
DEFENSE & SECURITY, INC., and
SIERRA NEVADA CORPORATION,

    Defendants.
_____/

**ORDER GRANTING JURISDICTIONAL DISCOVERY AND
EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS**

THIS CAUSE has come before the Court on Plaintiff Audra Short's Motion for Enlargement of Time to Respond to Defendant Embraer, S.A.'s Motion to Dismiss and Motion to Conduct Jurisdictional Discovery ("Motion") [DE 97]. The Court has considered the Motion and is otherwise fully advised in the premises.

Plaintiff seeks to conduct jurisdictional discovery related to Defendant Embraer S.A. ("Embraer" or "Defendant")'s contacts with the state of Florida. To provide for such jurisdictional discovery, Plaintiff also seeks a ninety-day extension to respond to Embraer's Motion to Dismiss.

Defendant argues that Plaintiff should not be permitted to seek any jurisdictional discovery related to Embraer. Embraer contends that none of the information Plaintiff seeks

related to it's business contacts with Florida would support this Court's exercise of general personal jurisdiction over Embraer. Defendant also argues that Plaintiff is not entitled to jurisdictional discovery to support conclusory specific personal jurisdiction allegations. Defendant argues that the jurisdictional discovery here is a just a delay tactic and fishing expedition. Defendant contends that the discovery Plaintiff seeks is either duplicative of the discovery Plaintiff should have obtained from SNC or would not be relevant to the jurisdictional analysis. In addition, Defendant argues that jurisdictional discovery is not a means through which Plaintiff can remedy the pleading deficiencies in Plaintiff's complaint and that Plaintiff should have investigated the facts it now seeks discovery on prior to filing her lawsuit.

Defendant's arguments against permitting personal jurisdiction are ultimately unpersuasive. "[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). Further, the Eleventh Circuit has "held that such jurisdictional discovery is not entirely discretionary." *See id*.

Contrary to Defendant's characterization, Plaintiff has made more the mere conclusory allegations regarding personal jurisdiction. Plaintiff's complaint alleges that Defendant Embraer manufactured and distributed the subject aircraft as well as its manuals, instructions, procedures, warnings, and cautions in Florida and that Plaintiff's claims arise from this in-state conduct. Compl. ¶ 12, [DE 1-2]. These allegations are significantly more substantive than the allegations in the cases relied on by Defendant. For instance, the Plaintiff in *Yepez v. Regent Seven Seas Cruises* sought jurisdictional discovery to determine whether the defendant was registered to do business in Florida and or conducted any business in Florida. *Yepez v. Regent Seven Seas Cruises*, No. 10-23920-CIV, 2011 WL 3439943, at *2 (S.D. Fla. Aug. 5, 2011). Here, Plaintiff

has made at least some factual allegations regarding Defendant Embraer's business contacts with the state of Florida.

The Court is mindful of the delays this case has sustained related to service and personal jurisdiction and the discovery Plaintiff has already been permitted to conduct discovery regarding the manufacturing and distribution of the subject aircraft and its manuals and instructions.[1] The Court, however, is not persuaded that Plaintiff should not be permitted to conduct *any* additional jurisdictional discovery related specifically to Embraer's contacts with Florida because of this prior jurisdictional discovery. Further, Defendant Embraer's motion to dismiss presents a substantive personal jurisdiction challenge based on facts specific to Embraer, accordingly, it is reasonable to expect Plaintiff may need to conduct some additional discovery to respond to the motion.

The Court will grant Plaintiff's request to conduct jurisdictional discovery and will limit such discovery to the issues raised in Defendant Embraer's Motion to Dismiss and the jurisdictional allegations in Plaintiff's complaint. This grant of jurisdictional discovery remains subject to the court revisiting this decision if it appears that the parties are not engaging in jurisdictional discovery in good faith.

It is hereby **ORDER AND ADJUDGED** that:

1. Plaintiff's Motion for Enlargement of Time [DE 97] is hereby **GRANTED in part**.

---

[1] The Court notes that Plaintiff has filed a nearly identical case in the United States District Court for the District of New Mexico, where Defendant Embraer states it will not contest personal jurisdiction. Considering that no party has raised a formal request to transfer this case to the United States District Court for the District of New Mexico and Plaintiff states in the Motion that she intends to prosecute her claims in Florida, the Court assumes that *all* Parties will wish to remain in the Southern District of Florida if this Court has jurisdiction over Defendant Embraer S.A.

a. Plaintiff shall have forty (40) days from the date of this Order in which to conduct discovery narrowly tailored to the personal jurisdiction issues implicated by on Defendant Embraer's Motion to Dismiss. The Parties are directed to confer and cooperate in good faith in determining the logistics of the discovery.

b. The deadline to conduct such jurisdictional discovery is **September 20, 2021.**

c. In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, any discovery-related motions are **REFERRED** to United States Magistrate Judge Lurana S. Snow for appropriate disposition.

2. Plaintiff shall respond to the Motion to Dismiss [DE 96] on or before **October 4, 2021**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 9th day of August, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

All Counsel of Record